IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILMIN VASQUEZ-ROSARIO,** *Petitioner,* | : : : | **CIVIL ACTION** |
| v. | : : | |
| **KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, in her, official capacity; et al.,** *Respondents.* | : : : : : | No. 25-cv-7427 |

**MEMORANDUM**

**KENNEY, J.**                                                                 **FEBRUARY 12, 2026**

On December 31, 2025, Petitioner Wilmin Vasquez-Rosario filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition"), challenging his mandatory detention under 8 U.S.C. § 1225(b) as unlawful. *See* ECF No. 1. In a Memorandum Opinion and accompanying Order, dated January 26, 2026, the Court granted the Petition. *See* ECF Nos. 9, 10. The Court found that Petitioner was being detained pursuant to 8 U.S.C. § 1226(a), and that Petitioner's mandatory detention without an individualized bond hearing violated his due process rights. *See* ECF Nos. 9 at 1. The Court thus ordered Respondents to provide Petitioner with a bond hearing within seven days. *Id.* Petitioner now moves for additional relief and requests that the Court "[o]rder[] Petitioner's immediate release under reasonable conditions" on the basis that the immigration judge failed "to meaningfully comply with this Court's order requiring an individualized, constitutionally adequate bond hearing, including a meaningful opportunity to be heard and a genuine weighing of the evidence presented." ECF No. 13 at 1, 7. For the reasons set forth below, Petitioner's request for relief (ECF No. 13) is **DENIED**.

I.  **DISCUSSION**

When a district court orders a bond hearing pursuant to granting a writ of habeas corpus, the district court's jurisdiction to review the outcome of the bond hearing is limited.  Generally, the court may review only whether the bond hearing failed to satisfy due process, or presented other constitutional defects, in violation of the court's habeas corpus order.  *See Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022) (noting that though courts cannot "review any discretionary determinations underlying [an] IJ's bond decision," they "may review whether the bond hearing was fundamentally unfair[,]" and reviewing the district court's decision regarding fundamental unfairness on the merits); *see also P.M. v. Joyce*, No. 22-CV-6321, 2023 WL 2401458, at *1 n.2 (S.D.N.Y. Mar. 8, 2023) ("[F]ailure to appeal the denial of bond does not preclude [a petitioner] from seeking a writ of habeas corpus for the unconstitutional deprivation of a bond hearing" if appealing to the Board of Immigration Appeals is futile).  In the Third Circuit, "the burden [of proof] remains on the detainee at all times" when individuals are detained pursuant to 8 U.S.C. § 1226(a).  *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018).  The court may not "relitigate the merits of [the] bond order" or reweigh the evidence, and mere "disagreements about the outcome of the bond hearing" do not furnish a basis for relief in the district court.  *See Ghanem*, 2022 WL 574624, at *2–3.  If the bond hearing is not fundamentally unfair, any challenges to the hearing's outcome must typically be channeled through the ordinary process of appealing an immigration judge's ruling to the Board of Immigration Appeals.  *See Hugo A. A. Q. v. Green*, No. CV 17-5755, 2018 WL 3993456, at *3 (D.N.J. Aug. 21, 2018) ("[A] petitioner seeking review of [a bona fide] bond decision must instead either appeal the bond denial to the BIA or seek his release through filing a request for a bond redetermination hearing.").

Petitioner's bond hearing satisfied the minimum requirements of due process. A bond hearing comports with due process if three elements are met: (1) There must be an opportunity for "factfinding based on a record produced before the decisionmaker and disclosed to [the petitioner];" (2) the petitioner "must be allowed to make arguments on his or her own behalf;" and (3) the immigration judge must make "an individualized determination of [the petitioner's] interests." *See Ghanem*, 2022 WL 574624, at *2 (citation omitted). Petitioner's bond hearing satisfied the first and second elements. Petitioner had the opportunity to present evidence to the immigration judge, who engaged in on the record factfinding, and Petitioner's Counsel argued on his behalf. *See* ECF No. 13 at 3–4; *see also* Bond Hearing Audio Recording, Parts 1 & 2.

The immigration judge then made an individualized determination as to Petitioner, satisfying the third element of due process. A bond hearing is individualized if it is not "so arbitrary that it would offend fundamental tenets of due process." *Romero v. Ogle*, No. 1:21-CV-01192, 2021 WL 8362027, at *3 (M.D. Pa. Nov. 12, 2021) (citation omitted). And if "there is a discernible rational basis for the underlying administrative decision," and the immigration judge applies the correct legal standards, that suffices. *Id.* Here, the immigration judge identified a specific basis for denying bond—he concluded on the record that Petitioner was a flight risk. *See* Bond Hearing Audio Recording, Part 2 at 02:31–03:50. He based this determination explicitly on the fact that Petitioner (1) had an underlying arrest for which there was no narrative or evidence in the record, (2) did not provide any proof as to a stable address, (3) did not have anyone who might be able to sponsor or pay his bond and ensure that he return to court, and (4) did not have any immediate family in the United States that has legal status. *See id.*[1] Moreover, the immigration

---

[1] While Petitioner's Counsel may have erroneously represented that Petitioner did not have any immediate family members with legal status, *see* Bond Hearing Audio Recording, Part 1, 03:51–03:57; *id.*, Part 2, at 00:32–00:44; *see also* ECF No. 13 at 4, this Court is not in a position to correct

3

judge explained that there was no evidence in the record as to whether Petitioner had a valid driver's license or had paid taxes during the years that he has been in the United States. *See id.* at 03:08–03:20. Petitioner's asylum application was also not present in the underlying evidentiary record, so the immigration judge explained that he had no way to determine the strength or status of Petitioner's application. *See id.* at 03:20–03:31. Petitioner argues that the immigration judge "fail[ed] to meaningfully comply with this Court's Order," *see* ECF No. 13 at 5, but the audio recording and transcript reflect that the immigration judge's reasoning was specific to the Petitioner, based on facts presented by the Parties, and had a rational basis. Nor can this Court reweigh the evidence in reviewing the outcome of Petitioner's bond hearing or consider new evidence that was not in front of the immigration judge. *See Ghanem*, 2022 WL 574624, at *3; *see also Morgan v. Oddo*, No. 3:24-cv-221, 2025 WL 2653707, at *6 (W.D. Pa. Sept. 16, 2025) (denying request for relief where an immigration judge's determination did "not appear to rest on plain legal error" or "appear to lack a rational basis" (internal quotations and citation omitted)).

The Court takes no position on whether the outcome of the bond hearing was correct. It reviews only whether due process was satisfied and concludes that the minimum requirements for due process were met here.

## II.     CONCLUSION

For the foregoing reasons, Petitioner's request that the Court order Petitioner's immediate release and find that the immigration judge failed to meaningfully comply with this Court's Order (ECF No. 13) will be denied. An appropriate Order will follow.

---

Counsel's mistake after-the-fact and reweigh the evidence. *See Ghanem*, 2022 WL 574624, at *3. This Court may only review for a constitutional defect in the proceeding.

                                                        **BY THE COURT:**

                                                        /s/ Chad F. Kenney

                                                        **CHAD F. KENNEY, JUDGE**